IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERYL BARRETT-BOWIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-4343-M (BF) |
| | § | |
| AMERIDREAM EDUCATIONAL | § | |
| CONCEPTS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Select Portfolio Servicing, Inc. ("SPS") and Merrill Lynch & Co., Inc. ("Merrill Lynch") have filed separate motions for summary judgment in this removed civil action brought by Plaintiff Sheryl Barrett-Bowie arising out of the foreclosure of her home in Cedar Hill, Texas. For the following reasons, the District Court should grant the summary judgment motions and dismiss all of Plaintiff's claims and causes of action against these defendants.

**Background**

On or about November 29, 2005, Plaintiff executed a deed of trust granting a lien against her Cedar Hill home to secure repayment of a promissory note (the "Note") in favor of "First Franklin a division of National City Bank of IN." Merrill Lynch MSJ App. (Doc. 50), Ex. A-2, at 37-43. The Note was later indorsed to First Franklin Financial Corporation ("First Franklin") and then to PNC Bank, National Association ("PNC"). *Id.* at 41. First Franklin continued to service Plaintiff's mortgage loan until October 2010, when it transferred the rights to service Plaintiff's loan to Defendant SPS. *See id.*, Ex. A-6, at 71-72 & Ex. B, at 171. Plaintiff and PNC entered into a loan

1

modification agreement on December 31, 2009. *Id.*, Ex. A-5, at 64-69. Plaintiff made her mortgage payments as required through March 2011. *Id.*, Ex. A, at 19.

In April 2011, Plaintiff abruptly stopped making her mortgage payments after a representative of AmeriDream Educational Concepts, LLC ("AmeriDream") led her to believe there was "some indication of fraud" with respect to her mortgage loan because the loan modification agreement had not been recorded. *Id.*, Ex. B, at 177. AmeriDream convinced Plaintiff to withhold her mortgage payments until SPS proved PNC was the lawful holder of her Note. With AmeriDream's help, Plaintiff sent at least two letters to SPS disputing the validity of her debt, requesting documents under the Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and requesting that SPS not report her to the various credit bureaus. *Id*, Ex. A-8, at 78; *see also* SPS MSJ App. (Doc. 48) at 134-37. When Plaintiff failed to resume making mortgage payments, SPS initiated foreclosure proceedings against her home. *See* Merrill Lynch MSJ App., Ex. A-12, at 80-82. Plaintiff's home was sold at foreclosure to PNC on September 6, 2011. Ex. A-14, at 84-87. PNC obtained a judgment of possession for the property and began the eviction process. To forestall eviction, Plaintiff filed for Chapter 7 bankruptcy protection on May 25, 2012. *See id.*, Ex. A-17, at 89-139. Plaintiff did not list on her bankruptcy schedules any claim arising out of the servicing of her mortgage loan or the home foreclosure. *See id.* The bankruptcy court discharged Plaintiff's bankruptcy on August 22, 2012. *Id.*, A-20, at 156-157.

Plaintiff filed the instant lawsuit less than one month later, on September 20, 2012. *See* Rem. Not. (Doc. 1), Ex. B. She asserted claims for negligence, negligent misrepresentation, unreasonable collection efforts, RESPA violations, and violations of the Texas Debt Collection Practices Act ("TDCPA") and the Deceptive Trade Practices Act ("DTPA"). She also sought a declaratory

2

judgment that Defendants had no right to foreclose, to set aside the foreclosure sale and cancel the substitute trustee's deed, and for an accounting of her loan. Plaintiff's claims for unreasonable collection efforts, violations of the TDCPA, and negligent misrepresentation are based on her contention that PNC failed to prove it was the legal holder of the Note. Plaintiff's RESPA and negligence claims are based on her contention that SPS failed to properly respond to her letters disputing the validity of her debt and wrongfully reported negative information to various credit agencies. The defendants removed the case to federal court on the basis of federal question jurisdiction.[1] *See* Rem. Not. at 2. When the defendants subsequently raised the argument that Plaintiff's claims were barred because she failed to disclose them in bankruptcy, *see* Merrill Lynch Mot. to Dismiss (Doc. 9), Plaintiff petitioned the bankruptcy court to reopen her case so she could amend her schedules and add the claims asserted in this lawsuit. The bankruptcy court denied Plaintiff's petition finding that she knew about her claims while the bankruptcy was pending and that there was "a problematic failure to disclose the claims and potential lawsuit and theories." Merrill Lynch MSJ App., Ex. B, at 186.

Defendants SPS and Merrill Lynch have now filed motions for summary judgment on the grounds that Plaintiff lacks standing to bring such claims and because her claims are barred by judicial estoppel. SPS MSJ (Doc. 48) at 12-17; Merrill Lynch MSJ (Doc. 49) at 10-15. Alternatively, Defendants argue that Plaintiff's claims fail because there is no evidence to support her claims and no evidence of damages. Merrill Lynch MSJ at 2. The motions have been fully briefed, and the issues are ripe for determination.

---

[1] Federal jurisdiction is proper because Plaintiff's RESPA claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**Legal Standards**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)). By contrast, a movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

**Analysis**

As a preliminary matter, the Court determines that SPS and Merrill Lynch are entitled to summary judgment as to Plaintiff's claims for unreasonable collection efforts, violations of the DTPA, negligent misrepresentation, declaratory judgment, and an accounting. Plaintiff abandoned these claims by failing to address them in her summary judgment response. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim deemed abandoned when party failed to pursue it beyond initial pleading); *Martin v. Fed. Nat'l Mortg. Ass'n*, No. 3:12-CV-2768-M-BF, 2013 WL

4494523, at *4 (N.D. Tex. Aug. 22, 2013) (Lynn, J.) (same). Indeed, in other documents filed with the Court, Plaintiff's counsel confirms that Plaintiff has withdrawn all of her claims against Defendants other than those for negligence and violations of RESPA. *See* Pl. Resp. to SPS Mot. Sanctions (Doc. 76) at 4.

Defendants move for summary judgment on Plaintiff's remaining claims on grounds of judicial estoppel because Plaintiff failed to schedule her claims in this lawsuit as an asset of her bankruptcy estate. Judicial estoppel is an equitable doctrine that prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. *See Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc). The doctrine generally applies where "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.*; *see also Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012). Numerous other considerations also "may inform the doctrine's application in specific factual contexts." *Reed*, 650 F.3d at 574 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)). The Fifth Circuit has observed that "[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Love*, 677 F.3d at 261-62; *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005). This is because "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *Love*, 677 F.3d at 261 (quoting *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999)).

Here, Defendants have shown that they are entitled to summary judgment on judicial estoppel grounds. First, Plaintiff has asserted "plainly inconsistent" positions. By not disclosing in her

5

bankruptcy schedules the claims against Defendants arising out the servicing of her loan, Plaintiff clearly represented to the bankruptcy court that she had no such claim. She asserts the opposite in this lawsuit. *See Vineyard v. BAC Home Loan Servicing, LP*, No. A-10-CV-842-LY, 2011 WL 8363481, at *3 (W.D. Tex. 2011) (finding inconsistency under materially identical facts). Second, the bankruptcy court accepted Plaintiff's position when it relied on her asset schedules and confirmed her bankruptcy plan. *See, e.g., Jethroe*, 412 F.3d at 600 (court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan). Third, her failure to disclose her claims was not "inadvertent."

In the Fifth Circuit, a debtor's failure to satisfy its duty to disclose is "inadvertent" only when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210. In this case, it is undisputed that Plaintiff had knowledge of the facts giving rise to the claims asserted in this case while the bankruptcy was pending. Plaintiff's allegations against Defendants pertain to the servicing of her mortgage loan and arise out of conduct that occurred prior to the 2011 foreclosure of her home. Plaintiff filed for bankruptcy in May 2012 in an attempt to avoid eviction following foreclosure and retained counsel to pursue her claims in the instant case before her bankruptcy was discharged. Def. SPS MSJ Br. (Doc. 48) at 6, 96, 97-98. Further, motivation in the context of a debtor's failure to disclose a claim or possible claim to the bankruptcy court is "self-evident" because of the potential financial benefit that results from the debtor's nondisclosure. *Love*, 677 F.3d at 262; *see also In re Superior Crewboats*, 374 F.3d 330, 336 (5th Cir. 2004) (concluding debtors had a motive to conceal because they "would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors"). Plaintiff would reap a windfall if she were able to recover on

6

her claims without having had to disclose them to the bankruptcy court. She therefore had a motive to conceal, and did not act inadvertently.

Plaintiff characterizes her nondisclosure as inadvertent because it was merely an "unthinking blunder" that resulted from her *pro se* status and attendant failure to understand the nature of her legal claims and "how much they would amount to." Pl. Resp. Br. (Doc. 60) to SPS MSJ at 12-13.; Pl. Resp. Br. (Doc. 63) to Merrill Lynch MSJ at 8. Plaintiff, however, was aware of the facts underlying her claims while the bankruptcy was still pending, and such awareness is all that is required. *See In re Flugence*, 738 F.3d 126, 131 (5th Cir. 2013) ("[T]he controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions."); *Superior Crewboats*, 374 F.3d at 335 (finding failure to disclose claims not inadvertent when plaintiffs were aware of facts underlying the claim). To the extent Plaintiff suggests that Defendants must come forward with evidence of "cold manipulation" in order to demonstrate inadvertence, her argument is not well-taken. *See* Pl. Resp. Br. (Doc. 60) at 12; Pl. Resp. Br. (Doc. 63) at 8. "Cold manipulation" is not required. Rather, all that is necessary is a showing that Plaintiff would have reaped a windfall had she been able to recover on the undisclosed claims. That test is easily satisfied here. Accordingly, the Court determines that Plaintiff's remaining negligence and RESPA claims are barred by judicial estoppel and recommends granting Defendants' motions for summary judgment. *See Vineyard*, 2011 WL 8363481, at *3 (where plaintiff failed to disclose his legal claims against servicer to the bankruptcy court, judicial estoppel bars him from prosecuting the claims before a district court); *cf. Johnson v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3542-L, 2013 WL 3810715, at *8-11 (N.D. Tex. July 23, 2013) (defendant entitled to dismissal of plaintiff's

complaint under Rule 12(b)(6) on judicial estoppel grounds where plaintiff failed to schedule claims asserted in federal lawsuit).[2]

## RECOMMENDATION

For the foregoing reasons, the District Court should GRANT Select Portfolio Servicing, Inc. and Merrill Lynch & Co., Inc.'s motions for summary judgment (Doc. 48 & 49) and DISMISS with prejudice all of Plaintiff's claims against these Defendants on judicial estoppel grounds.

SO RECOMMENDED, February 26, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Plaintiff is judicially estopped from pursuing her remaining claims, the Court pretermits consideration of Defendant's alternative arguments for summary judgment.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).