IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHERYL BARRETT-BOWIE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-4343-M (BF) |
| | § | |
| **AMERIDREAM EDUCATIONAL CONCEPTS, LLC, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's counsel, J.B. Peacock, Jr. and the law firm of Gagnon, Peacock & Vereeke, P.C., have filed a motion pursuant to Fed. R. Civ. P. 59(e) asking the Court to reconsider its July 23, 2014 order granting Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion for Rule 11 Sanctions. Succinctly stated, counsel argues that the order imposing sanctions against them cannot stand because SPS's Rule 11 motion was filed after Plaintiff purportedly abandoned her factually frivolous claims by failing to address those claims in her summary judgment response. SPS insists that Rule 11 sanctions are proper and argues further that sanctions are also appropriate under 28 U.S.C. § 1927. The issues have been fully briefed, and the motion is ripe for determination.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, and a motion denominated as such will be treated as a motion to alter or amend the judgment under Rule 59(e). *U.S. ex rel. Colquitt v. Abbott Labs.*, 864 F. Supp. 2d 499, 539 (N.D. Tex. 2012). To prevail on their motion for reconsideration, Plaintiff's counsel must show either that: (1) the motion is necessary to correct a manifest error of fact or law; (2) newly discovered or

previously unavailable evidence exists; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Id.* A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (quoting *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Plaintiff's counsel does not present any new evidence or establish a manifest error of law. Rather, they raise the same argument that they made in (1) Plaintiff's original response to SPS's motion, *see* Pl. Resp. to SPS Mot. Sanctions (Doc. 76) at 4-5; (2) Plaintiff's "trial brief" on the motion, *see* Pl. Br. (Doc. 83) at 4-5; and (3) their objections to the magistrate judge's Findings, Conclusions, and Recommendation, *see* Pl. Counsel Obj. (Doc. 97) at 3-5. The Court has previously considered and rejected this argument. Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 99) dated 7/23/14. Plaintiff's counsel is not entitled to another bite at the apple on an issue that was resolved to their dissatisfaction.

The gravamen of counsel's argument is that SPS's motion for Rule 11 sanctions was untimely because Plaintiff voluntarily withdrew her claim based on the factually frivolous "show-me-the-note" allegation before SPS served its motion. However, the Court disagrees that Plaintiff "voluntarily withdrew" any of her claims prior to SPS's service of the Rule 11 motion. The record shows that Plaintiff neglected to respond to several of the defendants' summary judgment arguments, including those directed at the offending allegation. Only after SPS filed its motion did Plaintiff's counsel argue that it had withdrawn the claims. Plaintiff never sought leave to amend her pleadings to formally withdraw the claims based on the "show-me-the-note" allegation. While the Court ultimately deemed Plaintiff to have abandoned those claims, it did not do so until well after

2

the Rule 11 motion had been served. Plaintiff's counsel is not entitled to take advantage of these circumstances to avoid a reprimand.

Further, the Court has inherent power to sanction Plaintiff's counsel for bad faith litigation conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). This authority is not subject to Rule 11's safe harbor provision. *See* FED. R. CIV. P. 11(c)(3); *see also Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. July 9, 2014) (recognizing that court may use inherent powers to fill in gap left by Rule 11's timeliness requirement). "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (quoting *Carroll v. The Jacques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997)). The "deplorable conduct" in this case is that Plaintiff's counsel filed multiple pleadings containing factually baseless allegations. As explained in the Magistrate Judge's Findings, Conclusion, and Recommendation on SPS's motion for sanctions, the uncontroverted evidence established that SPS provided Plaintiff's counsel with a copy of Plaintiff's original mortgage note early in the litigation and even allowed an associate of the Peacock Firm to personally examine the note. Plaintiff's counsel acknowledged that the note was properly indorsed to PNC Bank. Yet, Plaintiff's counsel later filed two amended complaints which alleged that PNC Bank wrongfully claimed to be the owner and holder of Plaintiff's mortgage note and was not entitled to collect on the note because it was never endorsed to PNC Bank. These factual contentions were not made in good faith as they were directly contrary to the evidence available to Plaintiff's counsel at the time the pleadings were filed. Plaintiff's counsel knowingly advanced a factually frivolous claim and the fact that Plaintiff later abandoned that claim does not redeem counsel's conduct –

especially when Plaintiff did not abandon her claim until after SPS incurred the expense of filing a summary judgment motion. The Court therefore also relies on its inherent powers to justify the sanction against Plaintiff's counsel.

## CONCLUSION

Plaintiff's counsel's Motion for Reconsideration (Doc. 100) is DENIED.

SO ORDERED.

October 20, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS